Rockingham, }
Feb. 2, 1904. }

HIDDEN *v.* EXETER, HAMPTON & AMESBURY STREET RAILWAY.

Certain evidence deemed sufficient to warrant a finding that a release executed by the plaintiff, and pleaded in bar of an action for personal injuries, was obtained by fraud on the part of the defendant's agents.

CASE, for personal injuries. Plea, the general issue, with a brief statement that the plaintiff executed a release of her claim on June 20, 1902, in consideration of $225. Replication, that the release was procured by false representation, with a tender of the sum received. Trial by jury and verdict for the plaintiff. Transferred from the April term, 1903, of the superior court by *Young*, J.

The plaintiff's testimony tended to prove that after suit had been brought for the injuries she claimed to have received, certain

agents of the defendants called upon her for the purpose of effecting a settlement; that she referred them to her counsel, but they falsely insisted that her counsel would do her no good, and that they (the agents) were there for her own good; that, although her counsel had informed her a suit had been brought in her behalf, the agents told her that such was not the fact; that she was induced to believe that statement, and otherwise she would not have settled with them; that they said that if a settlement were made with her counsel, they and the doctors would take the money and she would get none of it; that they talked to her so earnestly that she did not know what she was doing when she signed the release; and that other false representations were made to her by the defendants' agents. The defendants' motion for a nonsuit was denied, subject to exception.

*Page & Bartlett*, for the plaintiff.

*Eastman & Hollis* and *Emery, Simes & Corey*, for the defendants.

WALKER, J.   The defendant's motion for a nonsuit was properly denied. The only reason suggested why it should have been granted is that there was no evidence that the release was obtained by fraud or undue influence. If the defendant's agents, who approached the plaintiff for the purpose of effecting a settlement of her claim, fraudulently took advantage of her limited knowledge of business methods, and procured the release by falsely inducing her to believe that her counsel were not faithful in their trust, that they had not in fact begun proceedings in her behalf notwithstanding their assertion to the contrary, and that they did not intend to turn over to her any of the money they might receive in settlement of her claim,—in short, that she would receive nothing on account of her injuries unless she accepted what was then offered to her, because of the asserted unfaithfulness of her counsel,—her settlement for $225, instead of a much larger sum to which she was justly entitled, procured by such false representations, was not binding upon her. These questions were for the jury to determine; and their submission to the jury, under appropriate instructions, was not error. The fact that the plaintiff's testimony was not in all respects consistent, or that it furnished legitimate ground for the argument that she was not influenced by the assertions and representations made to her by the defendant's agents, relates merely to the weight of her testimony, to be considered by the jury, and presents no question of law.

It is unnecessary to consider other statements made to the plaintiff during the negotiations for a settlement, upon which it

is claimed she was fraudulently induced to rely; those above referred to are sufficient to justify the submission of the case to the jury.

*Exception overruled : judgment on the verdict.*

YOUNG, J., did not sit: the others concurred.